775 So.2d 1082 (2000)
STATE of Louisiana
v.
Maurice HARBOR.
No. 00-KA-1258.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 2000.
*1083 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Allison Monahan, Joe Alluise, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Margaret Smith Sollars, Thibodaux, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, Jr., SUSAN M. CHEHARDY and JAMES GULOTTA, Judge Pro Tem.)
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Maurice Harbor, with a violation of LSA-R.S. 14:69, in that he did knowingly possess stolen things, namely, a 1993 Chevy pickup truck valued at over $500.00, belonging to Marshall Fleming. The matter proceeded to trial before a six person jury, at the conclusion of which the defendant was found guilty as charged. The defendant subsequently filed a motion for new trial or alternatively a motion in arrest of judgment in which he argued there was insufficient evidence to support the verdict. Following the denial of these motions, the judge sentenced the defendant to five years at hard labor. The defendant now appeals.

FACTS
On November 14, 1999, at approximately 7:30 p.m., Mr. Fleming parked and locked his 1993 blue Chevy pickup truck in the parking lot of his apartment complex. At around 10:30 p.m., Mr. Fleming saw that his truck was gone. He immediately called the police and reported the vehicle as stolen. The next day, November 15, 1999, Fleming and his girlfriend went searching for his truck. Upon suggestion of a co-worker, Fleming went to the Fisher Housing Project. Mr. Fleming spotted the truck in that area and called 911. He then observed two men exit an apartment, cautiously enter his truck, and drive away. Fleming followed the truck while he continued to describe the route taken to the 911 operator. The police did not respond at this time, and Mr. Fleming eventually lost sight of the truck.
Later that night, Officer Scott Zemlik observed a blue Chevy truck fail to make a complete stop at a red light at a Jefferson Parish intersection. He ran the license plate number and discovered that the vehicle had been reported as stolen. Officer Zemlik called for backup and when the other officers arrived, they effected a stop of the vehicle. The driver of the truck, who was identified as the defendant, exited the vehicle, and walked toward Officer Zemlik. Despite Officer Zemlik's commands to stop and lay on the ground, the *1084 defendant continued approaching the officer, denying that the parties had done anything. Faced with disobedience, Officer Zemlik physically subdued the defendant, and then handcuffed and arrested him. The second occupant exited the vehicle and tried to walk away but was apprehended by another officer. Officer Zemlik searched the truck for weapons and found the keys missing and the steering column broken. The keys were never located on either the defendant or the passenger, forcing Officer Zemlik to reach inside the steering column and push the ignition switch off. When Mr. Fleming recovered his missing car, the driver side door had a hole in it, the steering column was broken, and the keys did not work. The cost of these repairs exceeded $500.00. At trial, Mr. Fleming testified that he did not give anyone permission to take his truck. In addition, there was evidence that the victim's truck was valued at over $500.00.
At trial, the defendant testified in his own behalf. The defendant admitted that he was driving the truck, but explained that he had borrowed it from another person in exchange for $20.00. Although the defendant noticed that the steering column was broken, he denied knowing that the vehicle was stolen. He testified that the window to the vehicle was not broken and that the ignition switch was not completely torn out. According to the defendant, it was a common practice in his neighborhood to borrow someone's vehicle in exchange for drugs or a small amount of money. The defendant further testified that the person from whom he borrowed the truck claimed to be the owner of the vehicle; however, the defendant could not remember this individual's name.
After considering the evidence presented, the jury found the defendant guilty of illegal possession of stolen things valued at over $500.00.

SUFFICIENCY OF THE EVIDENCE
The defendant now challenges the sufficiency of the evidence used to convict him.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution to find the essential elements of the crime beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, supra; State v. Jones, 98-842 (La.App. 5 Cir. 2/10/99), 729 So.2d 57.
In the present case, the defendant was charged with illegal possession of stolen things valued at over $500.00, in violation of LSA-R.S. 14:69. In order to convict a defendant of this offense, the state must prove, beyond a reasonable doubt, that the defendant (1) intentionally possessed, procured, received or concealed, (2) anything of value, (3) which has been the subject of any robbery or theft, (4) where circumstances indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses and that (5) the value of the items stolen exceeds $500.00. State v. Alexander, 97-1199 (La.App. 5 Cir. 9/29/98), 720 So.2d 82, writ denied, 98-3109 (La.4/9/99), 740 So.2d 628.
*1085 With regard to the element of guilty knowledge, the Louisiana Supreme Court, in State v. Chester, 97-1001 (La.12/19/97), 707 So.2d 973, 974, stated as follows:
In Louisiana, the "mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else." State v. Ennis, 414 So.2d 661, 662 (La.1982); State v. Nguyen, 367 So.2d 342, 344 (La.1979); State v. Walker, 350 So.2d 176, 178 (La.1977). The state must therefore prove the defendant's guilty knowledge as it must every other essential element of the offense. Ennis, 414 So.2d at 662. Nevertheless, jurors may infer the defendant's guilty knowledge from the circumstances of the offense. See Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973) ("For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods."). The inference of guilty knowledge arising from the possession of stolen property is generally a much stronger one than the inference the possessor committed the theft, Cosby v. Jones, 682 F.2d 1373, 1381 (11th Cir.1982)[.]
In the present case, the defendant does not deny that he drove the truck, but rather contends that the state failed to prove that he knew or had good reason to believe that the truck was stolen. The defendant argues that the state, in attempting to prove the defendant's guilt, asked the jury to make an assumption that he knew the truck was stolen. However, the defendant asserts that while it may be reasonable and customary in a white, middle-class neighborhood to infer that a broken steering column is indicative of theft, this inference cannot be made in a poor neighborhood. To further support his argument, the defendant points out that if he had thought that the truck was stolen, he would have tried to escape from the officers and he would not have proceeded at twenty miles per hour.
In the present case, the jury was faced with conflicting testimony and obviously chose to afford greater credibility to the evidence which showed that the defendant did in fact have knowledge that the truck was stolen. It is not the function of a reviewing court on appeal of a criminal conviction to evaluate the credibility of witnesses and to overturn a trial court on its factual determination of guilt. When the trier-of-fact is confronted with conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. State v. Hopson, 98-943 (La.App. 5 Cir. 9/30/99), 735 So.2d 81. We find that the evidence presented at trial supports the jury's credibility determinations.
There was testimony at trial by Mr. Fleming that the defendant acted suspiciously when he was entering the truck at the Fisher Housing Project. In addition, when the defendant was ultimately stopped by Officer Zemlik, he walked toward the officer while he continued to disobey the officer's commands, thereby directing the officer's attention away from the truck. Also, the defendant was not able to identify the individual from whom he allegedly borrowed the truck. There were no keys to the truck found on either the defendant or the passenger. Lastly, the defendant admitted that he knew that the steering column was broken. This Court has held that evidence of a vandalized steering column, combined with a lack of keys when the police found the vehicle, was sufficient to show that an automobile had been stolen, and that the defendant "had good reason to know that the vehicle had been illegally taken if in fact he did not earlier steal it himself." State v. Williams, 532 So.2d 1190 (La.App. 5 Cir. 1988). See also State v. Alexander, supra, where this court affirmed the defendant's conviction for illegal possession of stolen *1086 things finding that the evidence was sufficient to show that the defendant knew or should have known that the truck was stolen. In Alexander, there was evidence that the truck's passenger window was smashed, that the ignition switch had been removed, and that the steering column had been vandalized.
Viewing the evidence in the light most favorable to the prosecution, we find that the state proved beyond a reasonable doubt that the defendant knew or had good reason to know that the truck had been stolen. Accordingly, we reject the arguments raised by the defendant in this assignment of error and find that the evidence presented by the state was sufficient to support the defendant's conviction for illegal possession of stolen things valued at over $500.00.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals that the trial judge failed to observe the twenty-four hour delay required between the imposition of sentence and the denial of a motion for new trial or in arrest of judgment, LSA-C.Cr.P. art. 873. However, any such error can be deemed harmless. The defendant did not complain of the sentence on appeal nor did he claim that he was prejudiced by the mistake. Accordingly, no corrective action for this error is required. State v. Herrera, 98-677 (La.App. 5 Cir. 2/10/99), 729 So.2d 75.
Our review further reveals that the trial judge improperly advised the defendant of the prescriptive period for post conviction relief. While the minute entry/commitment reflects that the trial judge advised the defendant that he had two years after the judgment of conviction and sentence became final to seek postconviction relief, the transcript reveals that the trial judge actually informed the defendant that he had three years. On the date of sentencing, April 12, 2000, the applicable prescriptive period was two years.[1] Accordingly, we order the trial judge to inform the defendant of the correct prescriptive period by sending written notice to him within ten days of the rendition of this opinion and to file written proof in the record that the defendant received such notice.
We lastly note some discrepancies between the transcript and commitment/minute entry. The commitment/minute entry incorrectly recites that the defendant was found guilty of receiving stolen things of $100 or greater instead of $500 or more. In addition, the commitment/minute entry incorrectly and inconsistently notes that the defendant was sentenced after entering a plea of guilty to the offense. We remand the matter to the trial court to amend the commitment/minute entry to conform with the sentencing transcript.
For the reasons set forth herein, we affirm the defendant's conviction and sentence and remand the matter for further action in accordance with this opinion.
CONVICTION AFFIRMED, REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The three year prescriptive period set forth in LSA-C.Cr.P. art. 930.8 was shortened to two years by 1999 La. Acts No. 1262, effective August 15, 1999.