924 So.2d 1125 (2006)
STATE of Louisiana
v.
Gilbert J. BURCIAGA.
No. 05-KA-357.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2006.
*1127 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Attorney at Law, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On May 1, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Gilbert Burciaga, with possession of hydrocodone, a violation of LSA-R.S. 40:967 C. Defendant was arraigned on May 21, 2003, and pled not guilty.
Defendant filed various pre-trial motions, including a motion to suppress evidence. The trial court held a hearing on the motion to suppress evidence on July 23, 2003, and took the matter under advisement. The court granted the motion in open court on July 28, 2003.
The State applied to this Court for supervisory writs, challenging the trial court's ruling. State v. Gilbert J. Burciaga, Writ No. 03-K-1137. On September 25, 2003, this Court granted writs and reversed the trial court's ruling. Defendant applied for writs to the Louisiana Supreme Court. State v. Gilbert J. Burciaga, Writ No. 2003-KK-3185. On February 6, 2004, the Supreme Court denied writs, 865 So.2d 726(La.2/6/04).
On June 14, 2004, the trial court advised defendant of his constitutional rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant indicated that he understood his rights and wished to waive them. He withdrew his plea of not guilty and entered a plea of guilty as charged, reserving his appeal rights under State v. Crosby, 338 So.2d 584 (La.1976). Pursuant to a plea agreement, the trial court sentenced defendant to two and one-half years at hard labor, and ordered that the sentence run concurrently with two misdemeanor sentences imposed that day in a separate case.
The State filed a habitual offender bill on June 14, 2004, alleging defendant to be a second felony offender. On that day the judge advised him of his right to remain silent and his right to a habitual offender hearing. Defendant stated that he understood his rights, and that he wished to waive them and enter an admission to the habitual offender allegations. The judge vacated defendant's original sentence and imposed a habitual offender sentence of two and one-half years at hard labor.
Defendant now appeals on the basis of one assignment of error. For the reasons stated herein, we affirm.

FACTS
The facts surrounding the charged offense are found in the suppression hearing testimony. Officer Brian Rico of the Gretna Police Department testified that he was on patrol duty on the evening of April 4, 2003. At dusk he saw defendant, Gilbert Burciaga, in the shadows next to a residence *1128 on Lafayette Street. Officer Rico stopped his patrol car and asked defendant if he lived there. Defendant responded that he did not.
Officer Rico got out of his car and asked defendant to step closer to him. Defendant complied, and Officer Rico performed a pat-down search of his outer clothing for weapons. The officer did not find any weapons. Officer Rico discussed the pat-down with defendant, and defendant said he did not have anything. Defendant put his hands into his pants pockets and emptied them of their contents. Officer Rico saw that defendant had a white pill in his left hand. When Officer Rico asked him what the pill was, defendant said it was Vicodin. Defendant then said, "`I forgot that was in here.'" Officer Rico asked defendant whether he had a prescription bottle for the pill, and defendant said he did not. The officer placed defendant under arrest for possession of a controlled dangerous substance.

DISCUSSION
Defendant contends by the instant appeal that the trial court properly granted his motion to suppress the evidence seized by Officer Rico, and that this Court erred in reversing the trial court's ruling.
In granting defendant's suppression motion, the trial court stated:
I am hesitant to discourage diligent police work and I believe that this was diligent police work. I don't believe it was overly aggressive. I think it was honest and diligent. But to begin with, the reasonable suspicion upon which the stop in question was originally done, was the barest. But I think Ms. Taylor [defense counsel] also has a point, at some point when it was not obvious that the crime was afoot and that the defendant was no longer under suspicion, questioning really had to stop. And when all things are considered, when you add those together and consider all factors, I just believe theAlthough I hesitate and I wish I didn't need to, I think the motion has to be granted.
In reversing the trial court's ruling, this Court issued the following writ disposition:
Our review reveals that the controlled dangerous substance in question was seized after the defendant voluntarily revealed it to Lt. Gibbs (sic). Because Lt. Gibbs (sic) was lawfully in a position to view the pill, its incriminating character was immediately apparent and verified by the defendant, Lt. Gibbs (sic) had a lawful right of access to the pill. See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Henderson, 99-471 (La.App. 5 Cir. 10/26/99), 746 So.2d 173, 177. We find that the trial judge erred in granting defendant's motion to suppress. This writ application is hereby granted and the matter is remanded for proceedings consistent with this ruling.
In addressing defendant's complaint, it is first necessary to consider the "law of the case" principle. Under that doctrine, an appellate court will generally refuse to consider its own rulings of law on a subsequent appeal in the same case. State v. Hollimon, 04-1195 (La.App. 5 Cir. 3/29/05), 900 So.2d 999; State v. Junior, 542 So.2d 23 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La.1989). Reconsideration of a prior ruling is warranted when, in light of a subsequent trial court record, it is apparent that the determination was patently erroneous and produced unjust results. In re K.R. W., Jr., 03-1371 (La.App. 5 Cir. 5/26/04), 875 So.2d 903, 905.
Defendant argues on appeal that this Court's writ disposition was patently erroneous. He argues that the officer did not have the reasonable suspicion necessary to *1129 support a valid stop and pat-down search. Defendant further argues that, even if Officer Rico acted within his authority in stopping him, he exceeded that authority by seizing the pill that he took out of his pocket. Defendant moves this Court to reinstate the trial court's ruling, and to set aside his conviction and sentence. The State argues that this Court considered and resolved the issues raised here in disposing of its writ application, and the law of the case doctrine requires that this Court now affirm defendant's conviction.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. But the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1 and by state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
Although Article 215.1 permits a police officer to stop a citizen in a public place and question him, such an investigatory stop must be based upon reasonable suspicion that the individual has committed, or is about to commit, a criminal offense. State v. Temple, 02-1895, p. 4 (La.9/9/03), 854 So.2d 856, 860; State v. Collins, 04-751, p. 3 (La.App. 5 Cir. 11/30/04), 890 So.2d 616, 618. The detaining officer "`must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. . . .'" State v. Collins, supra, quoting United States v. Cortez, 449 U.S. 411, 417-418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). Moreover, the officer must be able to articulate specific facts upon which his suspicion is based. State v. Kang, 01-1262, p. 4 (La.App. 5 Cir. 2/23/04), 866 So.2d 408, 412, writ denied, 04-0944 (La.11/24/04), 888 So.2d 226.
In determining whether an investigatory stop was justified by reasonable suspicion, a reviewing court must consider the totality of the circumstances, "giving deference to the inferences and deductions of a trained police officer `that might well elude an untrained person.'" State v. Huntley, 97-0965, p. 3 (La.3/13/98), 708 So.2d 1048, 1049 (per curiam), quoting United States v. Cortez, 449 U.S. at 418, 101 S.Ct. at 695. Factors that may support reasonable suspicion for an investigatory stop include an officer's experience, his or her knowledge of recent criminal patterns, and his or her knowledge of an area's frequent incidence of crime. State v. Mitchell, 04-136, p. 6 (La.App. 5 Cir. 6/29/04), 877 So.2d 1151, 1155.
Officer Rico testified that he was patrolling a residential neighborhood in a marked police car at dusk when he saw defendant walking towards the back yard of a house in the 2500 block of Lafayette Street. When asked whether the residents of the house were at home, the officer replied that there were no cars parked there.
Officer Rico testified that he found defendant's activity odd. Moreover, on questioning by the court, the officer stated that he was aware that there had been a recent rash of home and business burglaries in that area. The officer wanted to determine whether defendant was involved in burglary, so he stopped his car in front of the residence. He called defendant to the car and asked him whether he lived there. Defendant said he did not. Officer Rico determined that defendant had no legitimate reason to be on the property, and he asked defendant to place his hands on the police car. Officer Rico then performed a *1130 pat-down search of defendant's outer clothing for weapons.
Several factors supported reasonable suspicion for a valid Terry stop: Officer Rico's knowledge that there had been a recent rash of burglaries in the neighborhood, defendant's behavior in standing in the shadows of a residence he did not own, his admission that he did not live at the house, and the fact that residents of the house did not appear to be there. An officer who has stopped a person for questioning, and who reasonably suspects he is in danger, may frisk the subject's outer clothing for weapons. LSA-C.Cr.P. art. 215.1 B; State v. Spotville, 99-719, p. 13 (La.App. 5 Cir. 12/21/99), 752 So.2d 244, 250. Defendant claims that Officer Rico overstepped his authority in performing a pat-down search. We disagree. The officer believed there was criminal activity afoot, and he testified that he frisked defendant for his own safety. It was not unreasonable for an officer working alone, when he suspects an individual of criminal activity, to perform a protective frisk to ensure the subject will not use a weapon to harm him.
Defendant complains that even after Officer Rico completed the pat-down frisk and found no weapons, he continued to detain him illegally. Thus, the officer's seizure of the Vicodin pill was illegal.
In United States v. Sharpe, 470 U.S. 675, 685, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985), the United States Supreme Court recognized that a stop that continues indefinitely will at some point no longer be justified as an investigatory stop. In determining whether a detention is too lengthy to be considered an investigatory stop, the courts must examine "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." Sharpe, 470 U.S. at 686, 105 S.Ct. at 1575. In State v. Miller, 00-1657 (La.10/26/01), 798 So.2d 947, 949, the Louisiana Supreme Court in a per curiam opinion noted that the courts have not developed a bright-line test for determining when a police-citizen encounter exceeds the bounds of a Terry stop.
Officer Rico testified that after he completed the pat-down, he stepped away from defendant, and the two discussed the pat-down procedure. Defendant said he did not have anything, and he attempted to demonstrate this by putting his hands into his front pants pockets and pulling out the contents. Officer Rico testified that he saw a small white pill in defendant's left hand. He asked defendant what the pill was, and defendant said it was Vicodin, and that he had forgotten it was in his pocket. Officer Rico asked whether defendant had a prescription bottle for the pill, and defendant responded that he did not. At that point, the officer advised defendant of his Miranda rights and placed him under arrest for possession of a controlled dangerous substance.
Officer Rico's testimony shows that defendant was not forcibly detained when the protective frisk was completed. We find that he could have left the scene if he so wished. Moreover, it is not apparent from the hearing testimony that the officer interrogated him. According to Officer Rico, he and defendant had a brief conversation about the pat-down procedure, during which defendant emptied his pockets without any prompting from the officer. Officer Rico testified that before he asked defendant what the pill was, he believed it was Tylenol. When the officer learned that the pill was contraband, he was entitled to seize it under the "plain view" exception to the warrant requirement.[1]
*1131 We fail to find that the officer exceeded his authority under LSA-C.Cr.P. art. 215.1. Accordingly, we affirm defendant's conviction.

ERRORS PATENT DISCUSSION
Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P.art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request. The following matter was discovered:
The transcript of defendant's original sentencing shows that the trial court did not properly advise him of the prescriptive period for filing an application for post-conviction relief under LSA-C.Cr.P. art. 930.8.[2] The judge stated, "You will have two years from the date your sentence becomes final to file for post-conviction relief." Article 930.8 actually provides that a defendant has two years "after the judgment of conviction and sentence has become final" in which to file a post-conviction relief application. We therefore order the trial court to properly advise defendant of the time limitation, and to file written proof in the record that defendant received such notice. State v. Boss, 03-133 (La.App. 5 Cir. 5/28/03), 848 So.2d 75, 78-79, writ denied, 03-1968 (La.5/14/04), 872 So.2d 508.

DECREE
Accordingly, for the reasons assigned herein, the conviction and sentence of defendant, Gilbert J. Burciaga, is hereby affirmed. The case is remanded to the trial court to correctly inform defendant of the prescriptive period for filing post conviction relief.
AFFIRMED; CASE REMANDED WITH INSTRUCTIONS
NOTES
[1] Under the plain view doctrine, if police are lawfully in a position from which they view an object that has an incriminating nature that is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. Horton v. California, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990); State v. Cooley, 03-418 (La.App. 5 Cir. 9/30/03), 857 So.2d 1209, 1218, writ denied, 03-3107 (La.3/12/04), 869 So.2d 818.
[2] The commitment shows that the court gave defendant a complete advisal. But where there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).