GREG G. GUIDRY, Judge.
|v>The Defendant, Percy L. Jones, appeals his conviction of illegal possession of a stolen vehicle valued at more than $500, in violation of La.R.S. 14:69. We affirm the conviction, but remand for correction of post-conviction relief notification.
The Defendant was charged with the offense in October of 2006. He pled not guilty, and filed a Motion to Suppress Confession, Identification, and Physical Evidence. The trial judge denied the mo *175 tions.[1] Subsequently, the Defendant filed a Motion in Limine seeking to preclude the State’s introduction of other crimes evidence, such as credit cards and a driver’s license recovered when he was arrested. The Defendant also filed a Motion to Quash alleging that he was unlawfully arrested. Both motions were denied by the trial judge and this Court denied writs.[2]
1 ;iAfter a one-day jury trial in December of 2007, the Defendant was found guilty as charged. The trial judge sentenced the Defendant to ten years at hard labor with credit for time served.[3]
Pastor Jerry H. Steele reported the Harvest Time Fellowship Church’s van was stolen from outside of the Children’s Church, on September 24, 2006. The van was identifiable because it had Harvest Time Fellowship Church stickers on it.
Four days later, on September 28, 2006, Tara Belsome, a church member, saw the stolen van being driven directly in front of her. She immediately called the police. Deputy Wade Hotard with the Jefferson Parish Sheriffs Office (JPSO) arrived on the scene minutes after receiving the call and interviewed Belsome. When the officer arrived, Belsome was able to point the van out to him, as it was parked across the street at a gas station being refueled. Approximately ten to 15 minutes had passed from the time Belsome first saw the van being driven until she saw it at the gas station.
Deputy Hotard immediately informed other deputies in the area. The deputies drove into the station, and stopped in front of the van. Deputy Hotard approached the driver’s side where he saw the Defendant seated behind the steering wheel. The officer did not see anyone else enter or exit the vehicle as he approached. Deputy Hotard ordered the Defendant to show his hands, get out of the vehicle, and lay down prone on the ground. After the Defendant complied, he was handcuffed, advised of his rights, and informed that he was being arrested for being in possession of a stolen van. Deputy Hotard testified that the Defendant told him that he got the van from a friend, but was unable to identify that person.
LDeputy Hotard searched the Defendant incident to his arrest, and found an identification card or driver’s license belonging to a relative of the Defendant and some debit and credit cards in the name of other people. The Deputy searched the van’s front compartment where he found a cell phone. Through his investigation, Deputy Hotard learned that the cell phone, as well as credit and identification cards were stolen in previous incidents from two or three different individuals. Upon investigation of the van’s license plate, the Detective discovered that the license plate had been switched, but the van’s correct plate number showed the vehicle had been stolen.
*176 After the van was returned to Pastor Steele, lie found that something had been broken off in the ignition which allowed the van to be started without a key. That was not the case before the van was stolen. Pastor Steele further stated that he never gave the Defendant permission to possess the van. He later reported that the van had sustained approximately $9,000 in damages.
On appeal, the Defendant asserts that the trial judge erred in failing to grant his motion to suppress the evidence and statement, and that the trial judge erred in failing to grant his motion in limine and/or in granting the State’s motion to admit evidence of other crimes. In his pro se assignments of error, the Defendant asserts that the trial judge erred in failing to grant his Motion to Quash the Bill of Information, and that the evidence was insufficient to support a conviction of Possession of stolen things.
When the assigned errors on appeal relate to both the sufficiency of evidence and one or more trial errors, the appellate court should first determine the sufficiency of the evidence by considering the entirety of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992).
| ¡/The Defendant argues that the State failed to prove that the van was stolen and that the Defendant knew or should have known that the van was stolen, because when the officer first cheeked NCIC records, the result was negative.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence is sufficient to convict a defendant of the crime charged if it was based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789; State v. Ortiz, 96-1609, p. 12 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Polizzi, 05-478, p. 9 (La.App. 5 Cir. 2/14/06), 924 So.2d 303, 310.
“When circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that ‘assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.’ ” State v. Harbor, 00-1258, p. 4 (La.App. 5 Cir. 11/28/00), 775 So.2d 1082, 1084. “Ultimately, all evidence, both direct and circumstantial must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.” Id.
In order to convict a defendant of illegal possession of stolen things valued at over $500, the state must prove beyond a reasonable doubt, that the defendant: (1) intentionally possessed, procured, received, or concealed, (2) anything of value, (3) that was the subject of any robbery or theft, (4) where circumstances indicate that the defendant knew or had good reason to believe that the thing was the subject of one of these offenses, and that (5) the value of the stolen items exceeds $500. La.R.S. 14:69; Harbor, 00-1258 at 4, 775 So.2d at 1084.
|fiThe evidence shows that the vehicle was stolen, suffered $9,000 in damages, was vandalized to allow it to be started without a key, and was in the custody of the Defendant when the police found the van. The evidence further showed that Defendant did not have permission to use the van for any reason, and could not identify the friend he said gave him the vehicle. Under these facts, we find that the evidence was based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the *177 prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.
The next errors allege that the trial judge erred in failing to grant the motion to quash the bill of information, the motion in limine, and the motion to suppress the evidence and statement.
As noted by the State, the Defendant presents the same arguments on appeal concerning his motion to suppress, motion in limine, and motion to quash that were previously raised in his pre-trial writ application to this Court. In State v. Jones, 07-K-912 (La.App. 5 Cir. 12/6/07) (unpublished writ), this Court denied the writ on the showing made that “the trial court correctly denied relator’s motion to suppress confession and physical evidence and correctly granted the State’s Motion of Intention to Introduce Proof of Similar Acts.”
Under the discretionary principle of “law of the case,” an appellate court will generally not reconsider prior rulings made in the same case on subsequent appeal. State v. Jacobs, 04-1219, p. 7 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 88, writ denied, 05-2072 (La.4/28/06), 927 So.2d 282. The appellate court’s denial of supervisory writs, however, does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue. Id. “Reconsideration is warranted when, in light of a subsequent trial |7record, it is apparent that the determination was patently erroneous and produced unjust results.” Jacobs, 04-1219 at 7, 904 So.2d at 88.
A review of the subsequent trial record shows that no new facts were produced that would indicate that the writ determination was patently erroneous, or that it produced unjust results. Thus, we decline to reconsider the trial judge’s denial of these motions.

ERROR PATENT

The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. See, State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Polizzi, 05-478, p. 18 (La.App. 5 Cir. 2/14/06), 924 So.2d 303, 315.
Our review discloses discrepancies among minute entries, commitments and transcripts.
The original sentencing hearing transcript shows that the trial judge informed the Defendant that he had, “two years from the date that this becomes final to seek post conviction relief.” The commitment/minute entry, however, indicates that the Defendant was informed that he had, “two (2) years after judgment of conviction and sentence has become final to seek post-conviction relief.” In addition, the habitual offender sentencing transcript reveals that the Defendant received no notification of his post-conviction rights, but the commitment/minute entry states that the Defendant was informed that he had, “two (2) years after judgment of conviction and sentence has become final to seek post-conviction relief.”
When there is a discrepancy between the transcript and the minutes, the transcript governs. State v. Lynch, 441 So.2d 732, 734 (La.1983).
La.C.Cr.P. art. 930.8(A) states that a defendant has two years after the judgment of conviction and sentence has become final to file for post-conviction | ¿relief. Here, the Defendant received an incomplete notice after his original conviction and no notification after his habitual offender sentencing. Accordingly, we shall remand the case and order the district court to inform the Defendant of the appropriate prescriptive period for filing *178 for post-conviction relief in accordance with our customary procedure. See State v. Jenkins, 07-586, p. 10 (La.App. 5 Cir. 1/22/08), 977 So.2d 142, 150.
Accordingly, the Defendant’s conviction is hereby affirmed. In addition, the case is remanded and the district court is ordered to inform the Defendant of the appropriate prescriptive period for filing for post-conviction relief, by sending appropriate written notice to the Defendant within ten days of the rendition of this Court’s opinion and by filing written proof that the Defendant received the notice in the record.

AFFIRMED AND REMANDED.

. The motion to suppress is not included in the record. However, the Court may take judicial notice of its own proceedings. State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1053, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062 and 00-0150 (La.6/30/00), 765 So.2d 1066. The motion to suppress was included in the Defendant’s pretrial writ application, State v. Jones, 07-K-912 (La.App. 5 Cir. 12/6/07) (unpublished writ).

.' Id.

. On the same day, the State filed a multiple offender bill of information alleging the defendant to be a fourth felony offender. An appeal from the habitual offender finding and sentence is pending here, and set for hearing on the same docket. See, State v. Jones, 998 So.2d 178, 08-KA-466. A judgment on those issues will be issued contemporaneously with this opinion.