STEPHEN J. WINDHORST, Judge.
1 ¡¿Defendant was charged by bill of information with Operating a Vehicle while Intoxicated, Third Offense, in violation of La. R.S. 14:98D. After defendant’s motion to quash two predicate DWI offenses was granted by the trial court, the State sought an appeal. In State v. Boudreaux, 13-394 (La.App. 5 Cir. 12/12/13), 131 So.3d 342. writ denied, 14-0115 (La.06/20/14), 141 So.3d 807, this Court reversed the trial court’s ruling on the motion to quash and remanded for further proceedings.
On remand, defendant pled guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and received a sentence of five years at hard labor, with one year to be served without the benefit of probation, parole or suspension of sentence, and four years of the sentence suspended. Defendant was placed on four years of active probation and an evaluation for substance abuse treatment was ordered.
^Defendant now appeals. For the following reasons, we affirm defendant’s conviction and sentence.
FACTS
Because the instant conviction was a result of a guilty plea, the underlying facts of the matter were not fully developed at trial. However, the State tendered the *1260 following factual basis at the time of defendant’s plea:
THE STATE:
In the event this matter were to go to trial, the State of Louisiana would be able to prove beyond a reasonable doubt that on May 26th, 2012, Chadwick Bou-dreaux violated Louisiana Revised Statute 14:98, Subsection AD, in that he having been twice convicted for the first time being October 26, 2005, under Docket number 323-837, the Twenty-third Judicial District Court in Ascension Parish, the second time being October 26th, 2005 under Docket Number 332-667, also in the Twenty-Third judicial District Court of Ascension Parish, did willfully and unlawfully operate a motor vehicle while intoxicated in Jefferson Parish.
DISCUSSION
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly appointed counsel requests permission to withdraw as counsel of record.
After receiving appellant counsel’s brief and motion to withdraw, this Court performed a full examination of the entire appellate court record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam). Our independent review of the record in this case consisted of (1) a review of the bill of information to ensure that defendant was properly charged; (2) a review of all minute entries to ensure that |4defendant was present at all crucial stages of the proceedings and that the conviction and sentence are legal; and (3) a review of the guilty plea and sentencing transcript to determine if there was an arguable basis for appeal. In our review, we found no non-frivolous issues regarding defendant’s convictions and sentences.
"While defendant tendered his plea under Crosby, no specific ruling was preserved for review. Defendant’s pre-trial omnibus motions were still outstanding at the time of his plea; however, by pleading guilty he waived any outstanding motions. State v. Anderson, 01-789 (La.App. 5 Cir. 1/15/02), 807 So.2d 956, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42. The merits of defendant’s pre-trial motion to quash the bill of information were addressed by this Court in the prior appeal lodged by the State. Under the discretionary principle of “law of the case,” an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. State v. Junior, 542 So.2d 23, 27 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La.1989); State v. Burciaga, 05-357 (La.App. 5 Cir. 2/27/06), 924 So.2d 1125, 1128. Reconsideration is warranted only when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. State v. Burciaga, supra; In re K.R.W., Jr., 03-1371 (La.App. 5 Cir. 5/26/04), 875 So.2d 903, 905.
Here, defendant has failed to cite to any new facts adduced or additional jurisprudence tending to indicate that this Court’s prior disposition was patently erroneous and produced an unjust result. We find the law of the case doctrine applicable to *1261 defendant’s motion to quash. See also State v. Jones, 08-306 (La.App. 5 Cir. 10/28/08), 998 So.2d 173, 177, writ denied, 08-2895 (La.9/4/09), 17 So.3d 947, cert. denied, 559 U.S. 947, 130 S.Ct. 1519, 176 L.Ed.2d 126 (2010).
|aWe have reviewed the record for errors patent according to the mandates of La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none.
CONCLUSION
Defendant’s sentence and conviction are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED